United States Court of Appeals for the Ninth Circuit is now in session. Thank you, Erin. Good morning, Council. This is the time for hearing on United States v. Osborne. And Ms. Walters, I guess we will start with you. You may proceed. Thank you, Your Honor. May it please the Court, Counsel Tiffany Walters for the United States. If I may, I'd like to reserve two minutes for rebuttal. The District Court erred by suppressing the two patient files that the government independently obtained from the Arizona Medical Board. The District Court granted Dr. Osborne's motion to suppress all the government's evidence based solely on its finding that the search of Dr. Osborne's home and office was unlawful. But all parties agree that these patient files were in the government's possession months before the search of the District Court found unlawful. Although the government argued in its response to the suppression motion that these patient files were obtained from an independent source, the District Court did not address this argument and instead suppressed all the government's evidence, including these two patient files, without explaining how the files that were already in the government's possession could be tainted by the subsequent search. Ms. Walters, let's get to the nub of this case. Um, we recognize that you did, um, the government did make a brief argument in its original motion that was filed four years before the court actually rolled, but the government never reasserted, um, the independent source doctrine as to those new two files for the next four years. And how can, how can we fault the District Court for not addressing the issue when you did not bring it to its attention? Your Honor, um, the United States did raise it in our response to the motion and not at any other council, but not at any other point during the four years of litigating this proceeding, right? Correct. Um, but we did raise it sufficiently in the response that Dr. Osborne was able to spend four pages in his reply addressing it. Um, and our... I think when Judge, uh, Judge Wardlaw is asking, what was the District Court supposed to do to, after four years of proceedings, evidentiary hearings, briefing, it was supposed to remember that this issue, which was only raised in a paragraph or two, was still out there? Well, none of the subsequent briefing replaced that original briefing. The supplemental briefing was only intended to address the factual issues that were developed at the Franks hearing. And this issue was not developed at the Franks hearing because there was no factual dispute as to this issue. The focus of the government's attention was on defending against oppression of all of its evidence. And we raised this as an alternative argument, um, as to these two files. There's no factual dispute as to the underlying facts supporting the argument. And it's a rather straightforward argument. Why wasn't this, I mean, the government filed a motion for reconsideration. Why wasn't this raised then? Again, in that situation, the government was focused on defending against, uh, all of the suppression of all of the evidence. And there's no requirement that an argument be raised in a motion to reconsider and preserve it. Well, but I mean, you're here saying the District Court missed something. You weren't required to file a motion for reconsideration with the District Court, but in fact, you did so. I mean, you mean the government. And you could have pointed out at that point that there was this issue that had been lurking, that hadn't, that in your view, hadn't been ruled on and hadn't been abandoned. But even then, the government didn't raise it. Well, and in hindsight, knowing how the ruling would come out, perhaps the government would have picked a different course. But at the time, the government was attempting to defend against the suppression of all the evidence and to obtain clarified factual findings to make its determination as to how to proceed on appeal. Again, there's no case law that requires that to be raised in a motion to reconsider. And the government in the court, in its order, actually said it considered the party's memoranda. It didn't exempt the motion to suppress or the government's response from that viable and valid after four years. It's unclear why that would survive the passage of time. But the government's response does not. I mean, even in the original briefing, which again, predated the ultimate ruling by four years and was separated by numerous proceedings. Even then, it was only raised in a paragraph or two at best and not in a way that really clearly flagged the issue either. I believe there was a factual statement in a paragraph, a statement of the law in a paragraph, and then an argument in a paragraph. But at the same time, this again is a straightforward issue. Everyone's agreeing that these files were in the possession of the government before the search. And it's difficult to see how these documents could have been the result of an unlawful search where they preceded the search by months. I guess I'm not sure why you're saying it's so undisputed. I mean, the district court held extensive proceedings on most of the search and obviously had significant issues with it. And the government's not appealing that. I don't think we can assume that we know all the answers to the independent medical files either. I think the district court has never really considered that. And one reason may be because it didn't appreciate that this was an issue it had to decide. Dr. Osborne below stipulated that the files were obtained from the Arizona Medical Board months before the search. And that affects how the parties presented that to the court. I mean, Dr. Osborne, in fact, relied on that order for his argument that the Arizona Medical Board produced it unlawfully. So this wasn't just a side issue, but there was no medical board and Dr. Osborne relied on documents below before the district court to establish that. So you're appealing the grant of the motion to suppress all the documents from Dr. Osborne's office. Did the court enter judgment as to the rest of the case? No, this is an interlocutory appeal. So once this court decides this issue, it'll return to the district court for further proceedings. So this is not a judgment with a conditional right to appeal? No, I don't believe so. So what is pending before the district court? I believe that there is a trial date that was extended to await the outcome of this appeal so that we could determine how to go forward based on whether or not all the evidence will be suppressed or whether there'll be any evidence. Well, at that hearing, was district court made aware of this outstanding issue as to these two patient files? I believe that what I'm referring to is a motion to continue the trial which was after the appeal was filed. Right, but I'm just wondering what you're proceeding on if all the evidence is told that the materials from Dr. Osborne's office was suppressed? I think that the court is basically staying the trial to determine what evidence will be suppressed, whether or not this district court's order will be overturned, and what evidence we have to work with, and then we'll move forward based on what evidence will be available. Is the government planning to move forward with the case even absent the two medical files? I believe that the government would have to make that determination once we reach that, but we do believe that these two medical files would allow us to move forward with the portion of this case. I'm just trying to understand, just to finish this line of questioning, if we affirm the motion, the grant of the motion to suppress, and we determine that you abandoned your claim as to the two patient files obtained from the board, what's left of the government's case? The government may well then need to dismiss its case, but the government hasn't yet made a final determination as to that. Pending this appeal, that will determine the outcome of how the government proceeds below. Can you answer my question straight? Is there any other evidence as to Dr. Osborne's guilt of the charges other than the two independent source medical files and the material from his office? To my knowledge, that is the bulk of the government's case, and so I think in likelihood it would be dismissed, but as I was on the trial counsel, I'm hesitant to say that there's absolutely no other evidence, but certainly this was the core of the government's case going forward. Thank you. I'm sorry, Judge Boutte, go ahead. No problem. When you sought the interlocutory appeal, did you give the reasons for the appeal to the district court? So is the district court aware of this precise issue? In the notice to appeal, I don't believe we identified the precise issue. At that point, we were still refining what exactly we were going to appeal. The government, of course, still disagrees with many of the district court's reasoning, but we were determining exactly what issues we planned to go forward with on appeal. So I don't believe the notice of appeal itself identified the specific grounds that we would seek to move forward. So potentially, the government could still seek a motion to reconsider the ruling on this ground in the district court? I believe that would still be a possibility, except that, I mean, there might be timeliness issues at this point. Oh, right. I apologize. If there's no further questions, I see that my time has expired. All right. Thank you, counsel. Ms. Krause? Thank you. Good morning. May it please the court and counsel. Amy Krause, appearing on behalf of Robert Osborne. I'd like to pick up right where you, Judge Wardlaw, began this inquiry by describing as the nub of the case, the government's brief argument that was raised in eight lines of text of a 59-page pleading that was filed in 2016 among 400 pages of briefing and literally never mentioned again until this opening brief was filed. When you say 400 pages of briefing, is that the briefing across the entire time period in the district court? That is the amended motion to suppress the response and the replies that were just filed in 2016, and I believe that is exclusive of the exhibits as well. To say that this case is factually complex and is an understatement, the district court did take nearly four years to issue its ruling, and when you ask about the government's obligation to remind the district court that this issue was out there, they did have that obligation. That's somewhat the problem with this. If the district court resolved this case in a matter of months, there'd be no question that it was not waived, right? Because you normally have the opening brief and the Franks hearing the response, the reply, you have the evidentiary hearing, the district court reply, and that could happen in a matter of weeks. And then if you appealed that to us, we'd be, well, clearly it was there. The problem here is that it took four years and it was very voluminous, but how can we hold that against the government? You can hold that against the government, your honor, and you should hold that against the government. It happens routinely with defendants whose claims are waived or forfeited in some fashion. The government is no different in the circumstance where the litigation took place over years. The government mentioned this issue just briefly at the very beginning. They took the time to file summarizing briefs, which, by the way, were not limited to Franks issues. The title, the caption of the government's summarizing motion is motion, supplemental motion in opposition to the amended motion to suppress. And the end of the motion asks the court to deny the motion entirely. And then after that, when the district court rules in July of 2020, nearly four years later, and doesn't mention this issue, at that to the district court's attention. And that's clear. I've never seen that, that in order to preserve an issue, you have to re-raise an issue in a motion to reconsider. Is there a case for that? There is, your honor. And I would direct the court to the Puckett case, which I filed in a 28 day letter, Puckett. That was the United States Supreme Court case from 2009 written by Justice Scalia, who said some things that are very appropriate here. Because, you know, in this case, we use the terms abandoned, waived, dropped, forfeited. In the Puckett case, the court used the term forfeit to describe a claim that was raised earlier, but then no timely objection was made. And what happens is by neglecting to raise it, the issue in a timely fashion. And by the way, Puckett was also a case that took three and a half years between when the original issue arose and then by the time the court ruled. The problem is, is that the district court has taken all this time, as Judge Brass mentioned, hearing loads of evidence, three days of testimony, lots of briefing, and then isn't given the opportunity to rule. And by doing that, the government has sandbagged the district court. Can you walk through just factually what was happening over those four years? Because sometimes things just languish, but that was not my impression here that this was just taking a long time and there were reasons for that. But maybe you can educate us. I'll do the best I can. I was not trial counsel, but it's my understanding that there was a fairly cooperative relationship between counsel for both parties. There was quite a bit of exchange of documents. They were trying to make these hearings as efficient as possible for the district court. They entered into numerous stipulations along the way. The prosecutors in this case are from New Mexico. The district court is in Tucson. So there were travel issues, scheduling issues. There was a family matter that arose in the middle of one of the hearings that caused a delay. And so those are really the reasons that are to my understanding. But in any event, what I do... Can I ask one other factual question? Do you agree with the government that the facts were undisputed regarding the two files that issue here that the government possessed them prior to the search? I agree with the government that these files were obtained prior to the search, but that doesn't end the inquiry. That may resolve the fact that the medical board is an independent source, but that's not sufficient to invoke the independent source doctrine, which requires that the files be obtained wholly independent and untainted from unlawful activity. And that's not what happened here. Now, I know the government has proceeded in this argument on the basis of there's no dispute here, but I think it was Judge Bress who indicated, and I agree with you, your honor, that you cannot assume the district court knows all of the facts that went to determine whether the medical board truly was an independent source. I have to bring up at this point, your honor, that it is interesting that in 2014, a year and a half after the searches where these 210 patient files were seized from the doctor's office, the government obtained a grand jury subpoena for the two files that are at issue now. I think that demonstrates very clearly that the government knew they had a problem with the way they were handling the medical board. It wasn't a lawful seizure, it wasn't untainted, and the later getting of the grand jury subpoena doesn't remove the taint. You could be right, but there's no record on this at all, and it seems because the evidentiary proceedings were focused on the search of the office files and not on this. Well, that's correct, which is why if you feel that the court needs to reach this issue, I don't think so. I think you should decide the government forfeited the claim, but if this issue needs to be decided on the merits, it should go back to the district court. Nevertheless, I do want to let the court know that although these three evidentiary hearings were called Frank's hearings, they were dedicated to the Frank's issues. The parties, including the district court, denied the motion for reconsideration. Have there been any further proceedings in the district court in which the district court was alerted to the substance of the government's appeal here? No. As I said, your honor, the independent source claim was made in eight lines of text in 2016 and never heard from again until this opening brief was filed. Well, I mean, Mr. Osborne replied to it. That's correct. So it was at least addressed twice. That's correct. It was addressed in the proceedings that ended in October of 2016. The district court rules in 2020. It's no surprise that it's not included in that because for all intents and purposes, the claim had been dropped. If the government didn't intend to drop the claim, they should have brought it up in their motion to reconsider, which was a voluntary filing. They brought other matters to the district court's attention. They didn't bring this one to the district court's attention. It is fundamentally unfair for them to allow to hold that argument back after they've had an adverse ruling, and then bring it to a different tribunal. That's what Justice Scalia was opposed to. In pocket, a party should not be allowed to game the system, should not be allowed to sandbag the district court judge. That's what happened in this case. And for that reason, we're asking you to affirm the order of the district court. Your factual dispute on the independent source doctrine is that the government didn't lawfully obtain it from the Arizona Medical Board? That's right. Because it wasn't by a subpoena, it was just voluntarily given? There was no process whatsoever for medical files that you know the government needed a warrant to get them from Dr. Osborne's office. He turned them over to the Medical Board under penalty of losing his license. These were not put into the public stream of the public domain, like motel records or phone records. And I see my time is out, but I would ask the court to consider, if you're going to think about that third party claim, you have to look at the 2018 Carpenter case where the Supreme Court warned against mechanically applying that test. You need to look at voluntariness. It wasn't voluntary. You need to look at the nature of the documents. Medical records should not be turned over without any process whatsoever. Thank you so much for your time and attention. All right. Thank you, Ms. Krause. Ms. Walters, I'll give you a minute. In particular, I want you to articulate for me how the district court erred. You're muted, Ms. Walters. I apologize. Thank you, Your Honor, for giving me a minute. The district court erred by suppressing these two patient files based on an unlawful search that occurred after the files were obtained. The basis of the district court's order is the unlawful search, not that they were unlawfully obtained from the Arizona Medical Board. And that's clearly error under the law to suppress files that were already in the possession based on a search that happened after the fact. Just to clarify, are those two files, were they also maintained in Dr. Osborne's office? Copies of them? They were also obtained in the search, so I guess the answer to that is yes. So they were obtained in the search? Correct, but they had previously been obtained by the government from the Arizona Medical Board, and the government again obtained them as part of the search. And then as counsel mentioned, they were also obtained through a grand jury subpoena after the fact, which shows nothing other than the government was attempting to see if there was any additional evidence that had been developed from 2013 to 2014. How did the district court err by suppressing them if they were part of the search and he very clearly was justified in suppressing everything from the search? Because they were already in the government's possession. The files that were obtained from the Arizona Medical Board were already in the government's possession, so they could not be tainted by a search that had not even yet occurred at the time. All right. I see my time is up. So if there are no further questions, we'd ask the court to reverse. Solely ask the patient files of JBNSO. All right. Thank you, counsel. Thank you. U.S.B. Osborne will be submitted, and this court is adjourned for this session today. Thank you. Thank you. This court for this session stands adjourned.
judges: WARDLAW, BRESS, BUMATAY